# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ABRAHAM THOMPSON, | ) |
| Plaintiff, | ) |
| | ) No. 20-cv-04207 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| TRANSUNION DATA SOLUTIONS, LLC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Abraham Thompson alleges that Defendant JPMorgan Chase Bank, N.A. ("Chase") mistakenly issued a credit card in his name.[1] Thompson claims that he knew nothing about the card, did not authorize it, and did not use it. After he saw the card on his credit report, Thompson sent a dispute letter to Defendant Trans Union, LLC ("Trans Union").[2] Trans Union asked Chase to verify the information and ultimately declined to correct or amend Thompson's credit report. As a result, Thompson has sued Trans Union and Chase for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and common-law negligence under Illinois state law. Now, Chase moves to dismiss Thompson's claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 19.) For the reasons given below, Chase's motion is granted in part and denied in part.

---

[1] Chase is named in the Complaint as "JP Morgan Chase & Co.," but Chase has indicated that its proper name is JPMorgan Chase Bank, N.A.

[2] The Complaint manes "Transunion Data Solutions, LCC" as a Defendant, but Trans Union has indicated that it should be identified as Trans Union, LLC.

# BACKGROUND

For the purposes of Chase's motion to dismiss, the Court accepts as true the well-pleaded facts in the Complaint and views them in the light most favorable to Thompson. *See Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826–27 (7th Cir. 2015).

As alleged, Thompson once co-owned a radio station in South Bend, Indiana. (Compl. ¶ 10, Dkt. No. 1.) In 2016, the radio station was sold and Thompson ended his involvement with it. (*Id.* ¶ 11.) Chase issued a credit card in Thompson's name in connection with the radio station. (*Id.* ¶ 13.) However, Thompson did not know that the card had been issued in his name, never authorized the card, never signed any credit card agreement, and never used the card. (*Id.* ¶ 14.) Around March 2019, Thompson sent a dispute letter to Trans Union asserting his ignorance of and lack of involvement with the credit card. (*Id.* ¶¶ 12, 14.) In April 2019, Trans Union told Thompson that Chase had verified that the card was his. (*Id.* ¶ 20.) Thompson alleges, on information and belief, that Trans Union communicated his reasons for disputing the card to Chase, that Chase failed to consider his claims, and that Chase falsely informed Trans Union that the information was accurate. (*Id.* ¶¶ 15–19.)

In his Complaint, Thompson asserts three claims against Chase. Counts One and Two allege that Chase violated the FCRA by failing to investigate his dispute reasonably and failing to correct inaccurate information. Count Three alleges that Chase was negligent in improperly verifying that Thompson had overdue payments on the credit card. He raises other claims against Trans Union, but those are not at issue here.

# DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the Court need not accept a party's legal conclusions, and a party cannot defeat a motion to dismiss with "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* This pleading standard does not require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556).

Chase has also moved to dismiss Thompson's FCRA claims for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). To test the jurisdictional sufficiency of a complaint, the Court "accept[s] as true all well-pleaded factual allegations and draw[s] reasonable inferences in favor of the plaintiff[]." *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). The Court may, however, look at evidence the parties have submitted beyond the pleadings to determine if it has subject-matter jurisdiction. *See Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

**I.     FCRA Claims**

Thompson asserts that Chase violated the FCRA by failing to investigate his dispute reasonably and failing to correct the inaccurate information it provided to Trans Union. The FCRA describes entities like Chase that provide information to consumer reporting agencies as "furnishers." 15 U.S.C. § 1681s-2. Furnishers must follow certain procedures when they are informed of disputes by consumer reporting agencies. *Id.* § 1681s-2(b). Here, after Trans Union notified Chase of Thompson's dispute, Chase was required to investigate the disputed information, review all relevant information Trans Union provided, and report its conclusions

3

back to Trans Union. *Id.* § 1681s-2(b)(A)–(C). Then, if Chase found incomplete or inaccurate information, it was required to modify, delete, or block reporting of that item of information and notify any previously contacted national consumer reporting agencies. *Id.* § 1681s-2(b)(D)–(E).

Counts One and Two request relief against Chase pursuant to 15 U.S.C. § 1681s-2(a). But, as Chase points out, Thompson lacks standing under that provision because it does not provide for a private cause of action. *See Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir. 2011). The Court's analysis does not stop there, however, because Thompson may pursue relief against Chase under 15 U.S.C. § 1681s-2(b). To state a claim under that section, Thompson must allege that "(1) he disputed an inaccuracy by notifying a [consumer reporting agency]; (2) the [consumer reporting agency] contacted the furnisher to alert it to the dispute; and (3) the furnisher failed to adequately investigate." *Lyons v. Equifax Info. Servs., LLC*, 455 F. Supp. 3d 746, 748 (N.D. Ill. 2020). Thompson claims that while the Complaint contains a typographical error, he intended to plead for relief under the proper section of the FCRA. The Court accepts this explanation. Notably, the typographical error does not affect the factual allegations of the Complaint, and those allegations establish that Thompson has standing to bring a claim under § 1681s-2(b). As the Seventh Circuit has explained, "plaintiffs in federal courts are not required to plead legal theories . . . . Even citing the wrong statute needn't be a fatal mistake." *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *see also Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("[T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal."). Accordingly, the Court does not find Thompson's scrivener's error to be a fatal mistake and proceeds to consider whether Thompson has stated a claim under § 1681s-2(b).

Unlike consumer reporting agencies, furnishers must resolve legal questions regarding liability when necessary to resolve disputed information. "Accuracy for furnishers . . . means information that correctly [r]eflects . . . liability for the account." *Denan v. Trans Union LLC*, 959 F.3d 290, 295 (7th Cir. 2020) (internal quotation marks omitted) (citing 12 C.F.R. § 1022.41(a)). In *Denan*, the Seventh Circuit explained that "it makes sense that furnishers shoulder this burden: they assumed the risk and bear the loss of unpaid debt, so they are in a better position to determine the legal validity of a debt." *Id.* However, that portion of the Seventh Circuit's opinion could be considered *dicta*, as the only question presented by the case was whether a consumer reporting agency was required by the FCRA to resolve legal issues regarding debts after receiving a consumer dispute. *Id.*; *see also United States v. Crawley*, 837 F.2d 291, 292–93 (7th Cir. 1988) (categorizing dictum as a passage "unnecessary to the outcome of the [case] . . . not an integral part of the [opinion] . . . [or] not presented as an issue [and] not refined by the fires of adversary presentation"). Previously, courts in this District have concluded that furnishers need not resolve all disputed legal questions regarding debts. *See Lyons*, 455 F. Supp. 3d at 748–49 (stating that it is "generally true" that furnishers need not resolve legal claims when investigating disputed information). Aside from *Crawley*, a case the parties did not cite in their briefs, the Seventh Circuit has not opined on the extent of furnishers' responsibilities to resolve legal questions regarding the validity of debts. *Id.*

Looking to other courts of appeals, the First Circuit has found that furnishers need not make legal determinations when investigating disputes, holding that an FCRA plaintiff "must show the factual inaccuracy of the information the furnisher provided, not the existence of disputed legal questions, as furnishers are neither qualified nor obligated to resolve matters that turn on questions that can only be resolved by a court of law." *Zahran v. Bank of Am.*, No. 15 C

5

1968, 2016 WL 826402, at *4 (N.D. Ill. Mar. 3, 2016) (internal quotation marks omitted) (citing *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010)). However, several courts of appeals "have held that a credit entry can be 'incomplete or inaccurate' within the meaning of the FCRA 'because it is patently incorrect, *or* because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (emphasis added) (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)); *see also Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014); *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008); *Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 40 (D.C. Cir. 1984) ("Certainly reports containing factually correct information that nonetheless mislead their readers are neither maximally accurate nor fair to the consumer who is the subject of the reports."). As other courts have noted, a furnisher can investigate a potentially mitigating fact—here, Thompson's ignorance of and lack of involvement with the credit card—without resolving the underlying question of liability. *See Hrebal v. Seterus, Inc.*, 598 B.R. 252, 269–70 (D. Minn. 2019) (expressing skepticism of *Chiang's* holding and noting that inaccurate or incomplete information can often be corrected without resolving legal questions).

In this District, courts have held that furnishers must investigate and correct incomplete information even when a borrower is liable for the reported debt. In one such case, the plaintiff traded in his car to secure a loan, only to discover that the dealer's employees stole the money and his car, leaving him liable. *Lyons*, 455 F. Supp. 3d at 748. After consumer reporting agencies reported the loan against him, the plaintiff sent dispute letters explaining what had happened, attaching police reports and the loan contracts. *Id.* The *Lyons* court denied the furnisher's motion to dismiss, holding that "[e]ven if the reports are technically accurate, they suggest that plaintiff

is either ignoring the debt or cannot repay it and, therefore, is a bad credit risk. In fact . . . [plaintiff] had no reason to know or to make any payments." *Id.* at 749; *but see Zahran*, 2016 WL 826402 at *4 (granting furnisher's motion to dismiss FCRA claims where plaintiff failed to plead factual inaccuracies).

Here, Thompson's dispute is fundamentally factual. He states that he did not authorize the credit card and did not know anything about it. If his allegations are true, then it is misleading to report the debt without including any mitigating information. On the facts Thompson alleges, Chase could not have conducted a reasonable investigation without identifying mitigating facts, which must be reported pursuant to the FCRA. Thus, even under the standard in *Chiang* that Chase urges this Court to adopt, Thompson has adequately pleaded that Chase violated the FCRA by failing to reasonably investigate his claim and correct inaccurate and incomplete factual information.

Finally, the parties dispute whether Thompson must amend the Complaint to name explicitly the section of the FCRA that supports his claims. The Court concludes that he need not do so. As explained above, plaintiffs are not required to plead legal theories and citing the wrong statute need not be fatal. Thompson has adequately pleaded a claim against Chase pursuant to 15 U.S.C. § 1681s-2(b), despite his failure to name the appropriate section of the FCRA in the Complaint.

**II.     Negligence**

Chase next seeks dismissal of Thompson's state-law negligence claim. The FCRA preempts all state-law claims "relating to the responsibilities of persons who furnish information to consumer reporting agencies," with exceptions not applicable here. 15 U.S.C. § 1681t(b)(1)(F). Because Thompson's negligence claim challenges the information Chase

provided to TransUnion, it relates to Chase's responsibilities as a furnisher and is therefore preempted by the FCRA. Thompson contends that preemption of his claim is governed not by 15 U.S.C. § 1681t(b)(1)(F), but instead by a different, narrower clause of the FCRA, 15 U.S.C. § 1681h(e). That clause prevents consumers from bringing negligence claims against furnishers "except as to false information furnished with malice or willful intent to injure such consumer." *Id.* § 1681h(e). But Thompson's argument is foreclosed by the Seventh Circuit's holding in *Purcell*, 659 F.3d at 625, which supports Chase's position. *Purcell* holds that **all** state-law claims regarding information provided by furnishers to consumer reporting agencies are preempted by the FCRA. *Id.* And even if Thompson could distinguish *Purcell* (which he does not), he has also not pleaded that Chase acted maliciously or willfully intended to injure him. He instead contends that Chase failed to properly investigate his dispute by relying solely on a computer program. But however inadequate such a process might have been, he has not plausibly alleged that Chase actively tried to harm him in any way. Because Thompson's state-law claim against Chase is preempted by the FCRA, the Court dismisses Count Three with prejudice. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (claims may be dismissed with prejudice "[w]here it is clear that the defect cannot be corrected so that amendment is futile"); *Phillips v. Exxon Mobil Corp.*, No. 17 C 07703, 2018 WL 3458286, at *4 (N.D. Ill. July 18, 2018) (dismissing preempted claims with prejudice).

## CONCLUSION

For the above reasons, Chase's motion to dismiss (Dkt. No. 19) is granted in part and denied in part. Count Three is dismissed with prejudice.

ENTERED:

Dated: May 12, 2021

_____
Andrea R. Wood
United States District Judge